UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
WIAV SOLUTIONS LLC,                             :
:
*Plaintiff*,            :
:             13 Civ. 6683 (PAC)
-*against*-                   :
:
SKYWORKS SOLUTIONS, INC.,               :        **OPINION & ORDER**
:
*Defendant*.        :
:
------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: January 5, 2015

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff WiAV Solutions LLC ("WiAV") sues Defendant Skyworks Solutions, Inc. ("Skyworks") for breach of representations and warranties made in connection with Skyworks' sale of rights in a set of patents to WiAV in 2007. For the reasons set forth below, Skyworks' Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint is denied.

## BACKGROUND

On September 25, 2007, WiAV and Skyworks entered into a Patent Rights Purchase Agreement (the "PRPA"), under which Skyworks sold certain patent rights to WiAV. Compl. ¶¶ 5-6. The agreement represented and warranted that the patent rights conveyed were "free of any encumbrance or licenses (including, without limitation, covenants not to sue, government grants, identification to standard committees, or any other restriction on the rights)." *Id.* ¶ 7 (the "Encumbrance Representation and Warranty"). The agreement also stated that "Skyworks has the full, sole, and exclusive right and authority to enter into this [Agreement] and to carry out its obligations hereunder without any consent being required from a third party." *Id.* (the "Authority Representation and Warranty"). Skyworks intended for WiAV to rely upon these

1

representations, and they were an essential part of the parties' bargain in reaching the agreement. *Id.* ¶¶ 8-9.

In the late 1990s, Rockwell International Corporation, the original owner of the patent rights, participated in the standard setting procedure for a global system for mobile communications in Europe. *Id.* ¶¶ 16-17. During the standard setting process, Rockwell represented to the European Telecommunications Standards Institute that it would not enforce its patent rights necessary for compliance with the standards established in the process, nor would any of its successors. *Id.* ¶ 18. Rockwell's statement, a covenant not to sue, constitutes an encumbrance or license within the meaning of the PRPA's Encumbrance Representation and Warranty. *Id.* ¶ 20. Skyworks was aware of this statement, and the fact that it constituted an encumbrance, when it entered into the PRPA with WiAV. *Id.* ¶¶ 21-22. WiAV would not have entered into the agreement had it known that any of the representations and warranties were false, and this encumbrance diminished the value of the patent rights. *Id.* ¶¶ 22-25.

In 2010, the United States Court of Appeals for the Federal Circuit addressed the scope of a 2003 license between Conexant Systems, Inc. and Skyworks. *Id.* ¶ 11. Pursuant to that license, the Court held that Skyworks had retained the right to license and sue Qualcomm Inc. under the patents in all fields of use (the "Qualcomm Rights"), as Skyworks could not assign the Qualcomm Rights without written consent from a third party. *Id.* ¶ 12. These rights include the right to license and sue for past, current, and future infringements. *Id.* ¶ 13. WiAV alleges that this constitutes a breach of the Authority Representation and Warranty because Skyworks could not assign the Qualcomm Rights without the written consent of a third party, and that this breach diminished the value of the patent rights. *Id.* ¶¶ 14-15.

On January 29, 2009, WiAV and Skyworks entered into a "Joint Defense Agreement," which stipulated that:

> . . . WiAV hereby covenants that, for as long as Skyworks is in the process of timely curing any subsequent allegation of a breach of the terms of the PRPA that it will not make or assert against Skyworks any claim for breach of the PRPA . . . [except] if Skyworks fails to cure said subsequent allegation of a breach of the terms of the PRPA within a period of one hundred and eighty (180) days.  Notwithstanding anything in this Agreement to the contrary, Parties acknowledge that this Section 11 shall not be interpreted as WiAV's waiver of any remedies available to it for any uncured breach of any of Skyworks' obligations with respect to the PRPA.

*Id.* ¶¶ 26-27.  On January 12, 2011, WiAV's President sent a letter to Skyworks advising Skyworks of the breach of the Authority Representation and Warranty.  *Id.* ¶ 31.  On September 21, 2011, WiAV's counsel advised Skyworks of the potential breach of the Encumbrance Representation and Warranty.  *Id.* ¶ 32.  In a telephone call, Skyworks' Vice President and General Counsel advised WiAV it would address the issue, but Skyworks has not done so.  *Id.*  On November 16, 2011, WiAV requested a meeting with Skyworks to discuss the January 12 and September 21 letters, and Skyworks responded that it was uncertain about what action, if any, was merited at that time.  *Id.* ¶ 33.  Skyworks made no effort to cure its breaches following receipt of WiAV's letters.  *Id.*

WiAV filed its Amended Complaint on February 14, 2014.  (Dkt. 20).  WiAV alleges that the patent rights are substantially less valuable than they would have been had the Authority and the Encumbrance Representations and Warranties been true.  *Id.* ¶¶ 36-37.  In addition, WiAV asserts that the contract's limitation of liability for breach of the contract is not applicable because the breach constitutes an instance of fraud, misrepresentation or gross negligence, and therefore WiAV is entitled to direct damages, lost profits, and consequential damages.  *Id.* ¶¶ 38-43.  WiAV also asserts a claim for indemnity against Skyworks.  *Id.* ¶¶ 44-47.

# DISCUSSION

I.     **Applicable Law**

Motions to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), require the Court to "accept as true all of the factual allegations contained in the complaint" and construe the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (internal quotation marks omitted). The Court only "assess[es] the legal feasibility of the complaint"; it does not "assay the weight of the evidence which might be offered in support thereof." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (internal quotation marks omitted). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted).

II.     **Analysis**

    A.     **Skyworks Cannot Show That WiAV Failed to Comply with the Notice-and-Cure Requirement as a Matter of Law**

Skyworks argues that WiAV is barred from filing a complaint against Skyworks because WiAV failed to comply with the notice-and-cure provision in the parties' contract. Def. Mem. at 4-14. Skyworks asserts that WiAV failed to notify Skyworks that WiAV was alleging a breach of the PRPA as required by the parties' agreement, and that the facts alleged in WiAV's complaint regarding its compliance with the notice-and-cure requirement do not constitute sufficient notice under the terms of the PRPA. *Id.* at 8-14. Skyworks also argues that WiAV's claim that an alleged breach was incurable does not excuse WiAV's failure to comply with the notice requirement. *Id.* at 13-14. In turn, WiAV argues that it sufficiently complied with the

notice-and-cure requirements, and that even if its communications with Skyworks failed to suffice under the PRPA, it was not required to comply with the notice-and-cure requirement because the breach was not curable and in light of the PRPA's provision that WiAV did not waive its remedies for any uncured breach by agreeing to the notice-and-cure provision. Pl. Mem. at 5-11.

While Skyworks contends that a factual dispute does not exist because the contract language is materially unambiguous regarding notice, Def. Reply at 1-2, at this procedural stage Skyworks simply cannot show as a matter of law that WiAV failed to comply with the notice-and-cure provision and that this bars the complaint entirely. The parties' dispute is indisputably factual. *See Deutsche Alt-A Secs. Mortg. Loan Trust v. DB Structured Prods.*, 958 F. Supp. 2d 488, 496 (S.D.N.Y. 2013) ("[T]he sufficiency of the [notices] is an issue of fact not appropriate for resolution at [the motion to dismiss] stage."); *N.Y. Overnight Partners, L.P. v. The Ritz-Carlton Hotel Co.*, 1995 WL 649908, at *1 (S.D.N.Y. Nov. 3, 1995) ("[T]he meaning and intent of the notice-and-cure provisions may be illuminated during discovery"). Here, Skyworks cannot show that WiAV's letters and discussions regarding the breaches are deficient as a matter of law. The factual nature of this dispute is further emphasized by Skyworks' line-by-line analysis of the communications described in the Amended Complaint. Def. Reply at 6-8. While the Court does not draw any conclusions at the pleading stage, the Court is not persuaded that WiAV's January 12, 2011 letter fails to constitute sufficient notice, when it specifically requests that Skyworks "cure the deficiency" with respect to the Authority Representation and Warranty. *See* Camp Decl., Ex. 4. Skyworks' argument is at odds with the requirement to treat the complaint's factual allegations as true. Skyworks has failed to show that there is no factual dispute at issue, and accordingly, its argument that the Amended Complaint is barred by the

alleged failure to comply with the notice-and-cure provision must fail at this stage.

Whether WiAV complied with the notice-and-cure requirements is a factual dispute that cannot be resolved on a motion to dismiss. Accordingly, the Court need not determine now whether notice was not required, if the breach was incurable; or the argument that the contractual language allows WiAV to bring suit regardless of whether it gave notice and an opportunity to cure.

### B. WiAV's Claim Meets the Necessary Pleading Requirements

#### 1. Rule 8(a)

Skyworks argues that WiAV's complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 and must therefore be dismissed. Def. Mem. at 14-18.

With respect to the Encumbrance Representation and Warranty, Skyworks asserts that WiAV's allegations that an encumbrance exists is deficient under the pleading requirements because WiAV "fails to state *what* has been encumbered or *how*." *Id.* at 15 (emphasis in original). This argument is rejected. The Amended Complaint puts defendants on notice of the claims against them. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) ("Having informed [defendant] of the factual basis for their complaint, [plaintiffs] were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim."). Here, WiAV has alleged that the patents originally owned by Rockwell are encumbered by Rockwell's covenant not to sue. Compl. ¶¶ 16-25. The PRPA contains as Exhibit A a list of patents which Skyworks sold to WiAV pursuant to the contract. Contrary to Skyworks's argument, the Amended Complaint explains what has been encumbered (the Rockwell patents necessary for compliance with the global system for mobile communications) and how (by Rockwell's covenant not to sue). This is sufficient to put Skyworks on notice of the claim against it.

Likewise, concerning the Authority Representation and Warranty, Skyworks claims that the Amended Complaint is deficient because it alleges Skyworks lacked the authority to assign the right to license and sue Qualcomm "in all fields of use," while the PRPA only purported to grant WiAV the license to sue Qualcomm in the "limited Wireless Handset field of use." Def. Mem. at 16. This argument is meritless. While Skyworks selectively quotes the Amended Complaint, it is incorrect that the Amended Complaint alleges that "Skyworks lacked the authority to assign 'the right to license and sue Qualcomm . . . in all fields of use.'" *Id.* In fact, the Amended Complaint alleges that Skyworks "retained . . . the right to license and sue Qualcomm Inc. under the Patents in all fields of use . . . ." Compl. ¶ 12. The difference is crucial. If Skyworks retained the right to license and sue in *all* fields of use, it logically follows that Skyworks retained the right to license and sue in the narrower Wireless Handset field of use. By alleging that Skyworks retained the right to sue in all fields of use, and that assignment of the Qualcomm Rights requires third party consent, WiAV has sufficiently alleged a breach of the Authority Representation and Warranty.

Skyworks argues that WiAV's claim for indemnity is legally and factually deficient because it is based on the same allegations that support its claim for breach of contract. Def. Mem. at 17. Since WiAV has adequately pled its claims for breach of the Encumbrance Representation and Warranty and the Authority Representation and Warranty, this argument is rejected and the motion to dismiss the indemnity claim is denied.

### 2. Consequential Damages and Attorneys' Fees

Skyworks moves to dismiss WiAV's claim for consequential damages because WiAV has failed to allege fraud, misrepresentation, or gross negligence, and consequential damages are therefore barred under the PRPA's limitation of liability. Def. Mem. at 17-22.

7

The Court acknowledges that the precise nature of WiAV's claim with respect to the limitation of liability provision is not clear, and made even less clear by WiAV's statement that it is not pursuing a claim for fraud based on its current knowledge.  *See* Pl. Mem. at 13.  WiAV has failed to adequately plead a negligent misrepresentation claim because there is no allegation of a special duty between the parties.  Def. Mem. at 19.  The claim for consequential damages, however, will not be dismissed, because the Amended Complaint provides sufficient allegations for a fraud claim.  Under New York law, a fraud claim must allege "(1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purposes of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury."  *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (quoting *Lama Holding Co. v. Smith Barney Inc.,* 88 N.Y. 2d 413, 421 (1996)).  "[T]he requirement under New York law is that 'the complaint contains some rational basis for inferring that the alleged misrepresentation was knowingly made.'" *Stichting Pensioenfonds ABP v. Credit Suisse Group* AG, 966 N.Y.S.2d 349, at *10 (N.Y. Sup. Ct. 2012) (internal citations omitted).  The Amended Complaint here includes each of these required allegations.  *See* Compl. ¶¶ 8-10, 13-14, 20-25.  Likewise, Fed. R. Civ. P. 9(b) requires fraud or mistake claims "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Amended Complaint meets this requirement.  The allegations in the Amended Complaint make clear which statements were fraudulent (the representations and warranties alleged to be untrue); provides sufficient detail regarding the context of the statements; adequately explains why the statements were fraudulent; and contains information leading to the inference that the misstatements were knowingly made.  Compl. ¶¶ 8, 22-23; *see ATSI Commc'ns., Inc. v. Shaar*

*Fund, Ltd.*, 493 F.3d 87, 99 (2d. Cir. 2007) (detailing requirements for fraud claims under Fed. R. Civ. P. 9(b)). Accordingly, WiAV's Amended Complaint adequately alleges a claim for fraud and the motion to dismiss the claim for consequential damages is denied.[1]

Finally, Skyworks has failed to demonstrate that WiAV is not entitled to attorneys' fees as a matter of law. Def. Mem. at 23. Accordingly, the motion to dismiss the claim for attorneys' fees is denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is denied in its entirety. The Clerk of Court is directed to terminate the motion at Docket Number 21. The parties are ordered to submit a civil case management plan to the Court by January 30, 2015.

Dated: New York, New York
       January 5, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

---

[1] Skyworks' claim that the contract does not contemplate consequential damages is meritless. Def. Mem. at 22. The parties expressly contemplated consequential damages at the time of contracting, as demonstrated by the provision in the contract specifically addressing consequential damages. Compl. ¶ 38.

9